IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Terrance Lee Martin Rucker, II, | ) | |
| | ) | CASE NO. 1:25 CV 810 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| | ) | |
| Clerk of Court, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |
| | ) | |

*Pro se* Plaintiff Terrance Lee Martin Rucker, II, filed this action against Sandy Opacich, Clerk of Court of the United States District Court for the Northern District of Ohio; the State of Ohio; Carol Skutnik, Acting United States Attorney; Segev Phillips and Kristen Rolph, Assistant United States Attorneys; and Judge Bridget M. Brennan of the United States District Court for the Northern District of Ohio.  (Doc. 1.)  He asserts numerous state and federal claims against Defendants arising from a criminal case in federal court in which a jury found him guilty on several counts.  Plaintiff filed an application to proceed *in forma pauperis* (Doc. 3); that application is granted.  For the following reasons, Plaintiff's complaint is dismissed.

**BACKGROUND**

On April 25, 2025, Plaintiff was convicted by a jury in the United States District Court for the Northern District of Ohio for conspiracy to possess with intent to distribute controlled substances, attempted possession with intent to distribute methamphetamine, attempted possession with intent to distribute a substance containing fentanyl, and possession with intent to distribute a

substance containing fentanyl. (*See* Case No. 5:24 cr 00077, Doc. 108.) Three days before that date, he filed this complaint in the same Court, alleging that Defendants – the judge presiding over his criminal case, the prosecutors trying his case, the clerk of the court reviewing his case, and the State of Ohio – have committed trademark infringement (of his name), fraud, abuse of process, and unjust enrichment. (*See* Doc. 1 at 9-10.) Plaintiff seeks money damages, injunctive relief, and other forms of relief. (*See id*. at 12-14.)

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not

meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff's complaint is incomprehensible. It does not set forth coherent allegations as to specific wrongful conduct of Defendants or assert any legal claim against them that is intelligible to the Court. Plaintiff's complaint consists entirely of an incomprehensible amalgam of legal conclusions and rhetoric. Federal courts are courts of limited jurisdiction, and "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Plaintiff's allegations are so incoherent, implausible, and unsubstantial that they do not provide a basis to establish this Court's subject matter jurisdiction. Accordingly, this action is dismissed in accordance with the Court's authority established in *Apple v. Glenn*.

Additionally, Judge Brennan, Acting U.S. Attorney Skutnik, Clerk of Court Opacich, and Assistant U.S. Attorneys Phillips and Rolph are immune from this suit. Frist, judicial officers generally are absolutely immune from civil suits for money damages. *E.g., Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the

3

court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will be not deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Plaintiff has not shown that either of the exceptions to judicial immunity apply, and Judge Brennan is immune from this suit.

Absolute judicial immunity also has been extended to non-judicial officers who perform "quasi-judicial" duties. *E.g.*, *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id*. The fact that an error is made is immaterial. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Court clerks and other court officials and employees, therefore, have been accorded absolute immunity from civil rights actions on claims arising from conduct intrinsically associated with a judicial proceeding. *See, e.g., id*. (court clerk); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (municipal court clerk). Clerk of Court Opacich, therefore, is immune from this suit.

Prosecutors, too, are entitled to absolute immunity from damages for initiating a prosecution and presenting the state's case. *E.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in prosecuting them in court. *Imbler*, 424 U.S. at 424. This duty could not properly be performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id*. at 424-25. These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the state's advocate. *Id.* at 425. Moreover, this immunity reaches beyond the criminal process

4

to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating . . . judicial proceedings," *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000), or "undertak[ing] the defense of a civil suit," *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990).  Assistant U.S. Attorneys Phillips and Rolph, therefore, also are immune from this action.

### CONCLUSION

Accordingly, this action is dismissed.  The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 s/*Pamela A. Barker*
PAMELA A. BARKER
DATE: June 13, 2025                    U.S. DISTRICT JUDGE

5

6